# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 22, 2020

Lyle W. Cayce
Clerk

No. 20-30083
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER DOUGLAS,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 20-30089

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER L. DOUGLAS,

*Defendant—Appellant*.

No. 20-30083
c/w No. 20-30089

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:17-CR-70-1
USDC No. 5:16-CR-157-1

Before OWEN, *Chief Judge*, and DENNIS and HO, *Circuit Judges*.

PER CURIAM:*

After Christopher Douglas pleaded guilty to distributing five or more grams of methamphetamine and conspiracy to commit kidnapping, we vacated his original sentence and remanded. He now appeals the concurrent 387-month sentences the district court imposed on resentencing.

Douglas first argues that the district court imposed a sentence 60 months greater than the advisory guidelines range out of actual vindictiveness. We review this claim de novo. *United States v. Campbell*, 106 F.3d 64 (5th Cir. 1997). As the new aggregated 387-month sentence of imprisonment is less severe than the aggregated 420-month sentence Douglas originally received, no presumption of vindictiveness arises. *Id.* at 69. Nothing suggests that Douglas's sentence is the product of actual vindictiveness.

Next, Douglas argues that the district court made several factfinding errors that affected its sentencing decision. He argues that the district court erred when it found that the kidnapping victim sustained serious bodily injury, that a dangerous weapon was used, and that the victim had been run over with a car. He posits further that the district court may have incorrectly found and considered that he was involved in a man's death—conduct for

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30083
c/w No. 20-30089

which he was arrested and later cleared by the police—when it selected his sentence. We address this latter argument first, reviewing the district court's factfinding for clear error. *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013).

A district court may not consider arrests, standing alone, at sentencing for upward departure or variance purposes. *United States v. Johnson*, 648 F.3d 273, 277-78 (5th Cir. 2011). In addressing Douglas's objection to the PSR concerning the arrest, the district court found that Douglas was arrested for the offense but was not prosecuted for it and that he denied being involved, none of which Douglas challenged then or on appeal. When providing reasons for upwardly departing pursuant to U.S.S.G. § 4A1.3, the district court did not mention the arrest. Rather, it explained that he had 20 criminal history points based on convictions including violent crimes that had been recently escalating. Because we find no clear error in the district court's factfinding underpinning its sentence as an upward departure, we decline to consider his other factual challenges, as they challenge the rationale of the district court's alternative imposition of the 387-month sentence as a variance under 18 U.S.C. § 3553(a).

Douglas next argues that his sentence is substantively unreasonable because the district court failed to consider his mitigating evidence and gave too much weight to his criminal history. Reasonableness review, in the context of a guidelines departure, requires us to evaluate both the decision to upwardly depart and the extent of the departure for an abuse of discretion. *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006).

The district court stated at sentencing that it had received and read the sentencing materials submitted by Douglas, including medical records and numerous letters submitted by Douglas and others on his behalf, listing their names to make sure it had read them all. Moreover, the district court

No. 20-30083
c/w No. 20-30089

assessed the facts and provided specific reasons consistent with the § 3553(a) factors to support its determination that a sentence outside of the guidelines range was necessary to achieve the goals of sentencing. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). Neither the decision to depart nor the extent of the departure amounted to an abuse of discretion. *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008); *Zuniga-Peralta*, 442 F.3d at 346-48.

Last, Douglas argues that his sentence is unconstitutional because it amounts to cruel and unusual punishment. We generally review Eighth Amendment challenges de novo, but since Douglas is raising his challenge for the first time on appeal, we review for plain error. *United States v. Smith*, 895 F.3d 410, 418 (5th Cir. 2018).

When reviewing an Eighth Amendment challenge, we "first make[] a threshold comparison of the gravity of the offense against the severity of the sentence." *Smith*, 895 F.3d at 419 (internal quotation marks and citation omitted). "Only if the sentence seems grossly disproportionate to the offense do we reach the second step of the analysis and compare the sentence to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions." *United States v. Neba,* 901 F.3d 260, 264 (5th Cir. 2018) (internal quotation marks and citation omitted). Douglas's argument fails at the threshold step. *See id.* at 264-65.

The judgment of the district court on resentencing is AFFIRMED.